**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**VALERIECE D. EALOM,**

                              **Plaintiff,**

        **v.**                                    **CASE NO. 18-3045-SAC**


**UNITED STATES OF AMERICA, et al.,**

                              **Defendants.**


**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Valeriece D. Ealom, a federal revocation detainee at the CoreCivic Leavenworth Detention Center ("CoreCivic"), brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons discussed below, Plaintiff is ordered to show cause why her Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Plaintiff's Complaint (Doc. 1) alleges harassment by CoreCivic staff on the basis of religion. Plaintiff names as defendants the United States, CoreCivic, Officer Malanowski, Officer Turkin, and Officer Putnam.

According to the Complaint, Plaintiff is Muslim and has approval from her CoreCivic unit manager to wear religious head wraps. The head wraps are provided to her by the CoreCivic chaplain. Even though she has permission to wear the head wraps, Defendants Malanowski, Turkin, and Putnam have "continuously harassed" her about the religious head gear, referring to it

as a "rag" and threatening her with a disciplinary violation for wearing it.  Doc. 1 at 6.  The Complaint further alleges on one occasion, Defendant Turkin refused to allow Plaintiff to go to medical to receive her medication because she refused to remove her head wrap.  *Id.*

Plaintiff claims her rights under the Eighth Amendment and her "religious rights" have been violated.  She seeks training for CoreCivic staff, reprimands for Defendants Malanowski, Turkin, and Putnam, and compensatory damages of $250,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal for a number of reasons.

### A.   Eighth Amendment denial of adequate medical care claim

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments.  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).  The "deliberate indifference" standard includes an objective and a subjective component, both of which must be met to prevail on a claim of medical mistreatment. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need." *Estelle,* 429 U.S. at 104-05.  A medical need is considered "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks omitted).  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

Plaintiff has not provided enough factual allegations to state a deliberate indifference claim. She alleges she missed a single dose of a prescribed medication.  She states the medication is "life-

sustaining" but does not provide its name or explain what health condition it treats. Generally, missing one dose of medication is not the type of deprivation that rises to the level of a constitutional violation. Plaintiff's Eighth Amendment claim is subject to dismissal.

Furthermore, the United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for a violation of the prisoner's Eighth Amendment rights. In *Minneci v. Pollard,* 565 U.S. 118, 131 (2012), the Court stated:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* Because the Court concludes that Plaintiff has an adequate remedy under Kansas tort law to address her claim for damages under the Eighth Amendment, that claim is subject to dismissal.

### B. Religious rights claim

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(citation omitted); *McKinley v. Maddox*, 493 F. App'x 928 (10th Cir. 2012); *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205 (10th Cir. 1999). In order to state a constitutional denial of free exercise of religion claim, a prisoner must allege the defendants "substantially burdened his sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069. In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim." *Id.* at 1070. "If the prisoner satisfies this initial step, 'defendants may identify the legitimate penological interests that justified the impinging conduct,' and '[t]he burden then returns to the prisoner to show that these articulated concerns were irrational.'" *McKinley*, 493 F.

App'x at 932 (citation omitted).  The court then balances factors set forth by the Supreme Court

"to determine the reasonableness" of the conduct.  *Id.*  The Tenth Circuit has identified "three

broad ways government action may impose a substantial burden on religious exercise:"

> requir[ing] participation in an activity prohibited by a sincerely held religious
> belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held
> religious belief, or (3) plac[ing] substantial pressure on an adherent either not to
> engage in conduct motivated by a sincerely held religious belief or to engage in
> conduct contrary to a sincerely held religious belief, such as where the government
> presents the plaintiff with a Hobson's choice-an illusory choice where the only
> realistically possible course of action trenches on an adherent's sincerely held
> religious belief.

*Strope v. Cummings*, 381 F. App'x 878, 881 (10th Cir. 2010)(citing *Abdulhaseeb v.*

*Calbone*, 600 F.3d 1301, 1316)(10th Cir. 2010)).  In *Strope*, the Tenth Circuit reasoned as follows:

> Illustrating the distinction between substantial burden and inconvenience, we held
> (1) the flat denial of a halal diet with approved meats was actionable, *id.* at 1316–
> 20, but (2) an incident (the panel concurrence notes "sporadic incidents") in which
> a prisoner's meal was rendered inedible by service of prohibited items
> contaminating his tray was not actionable, *id*. at 1320–21; *id.* at 1325; see also
> *Gallagher*, 587 F.3d at 1070 (holding isolated violation of kosher restrictions did
> not support Free Exercise claim).  We "assume[d] that as the frequency of
> presenting unacceptable foods increases, at some point the situation would rise to
> the level of a substantial burden," but that level had clearly not been reached.

*Id.* (citing *Abdulhaseeb*, 600 F.3d at 1321).  In sum, mere inconvenience, negligence, and

isolated or sporadic incidents are not sufficient to show a substantial burden.

Turning to Plaintiff's allegations, she claims Defendants Malanowski, Turkin, and Putnam

harassed her for wearing a religious head wrap, threatened her with a disciplinary violation, and at

least once forced her to make a choice between removing the head covering and receiving her

prescribed medication.  Without more specific factual allegations, it appears such incidents were

sporadic and not sufficient to have substantially burdened Plaintiff's religious beliefs.

Plaintiff may also be attempting to make a claim for retaliation under the First Amendment. "[Prison] officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights ... even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998). A retaliation claim requires a plaintiff to show: (1) she was engaged in constitutionally protected activity; (2) the government's actions caused her injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the government's actions were substantially motivated as a response to her constitutionally protected conduct. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009). Without additional factual allegations, the Court cannot find Plaintiff suffered the required injury to state a retaliation claim.

Moreover, the Supreme Court has specifically refused to recognize a *Bivens* claim for damages as a result of alleged First Amendment violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that the Supreme Court has "declined to extend *Bivens* to a claim sounding in the First Amendment"); *see also Bush v. Lucas*, 462 U.S. 367, 390 (1983) (declining to extend *Bivens* to First Amendment retaliation claim). District courts thus have dismissed prisoner First Amendment retaliation claims under *Bivens* for failing to state a claim. *See, e.g.*, *Mochama v. Zwetow*, No. 14-2121-KHV, 2017 WL 36363, at *11 (D. Kan. Jan. 3, 2017); *Williams v. Klien*, 20 F. Supp. 3d 1171, 1175 (D. Colo. 2014); *Hall v. Shumard*, No. 15-cv-01949-RBJ-MJW, 2017 WL 694589, at *2 (D. Colo. Feb. 21, 2017). Consistent with this precedent, the Court finds Plaintiff's First Amendment claims are subject to dismissal.

### C. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff names three individual defendants but includes only conclusory allegations about Defendants Malanowski and Putnam. Plaintiff has not adequately described the acts taken by each defendant that violated her constitutional rights.

### D. Improper Defendants

*Bivens* liability does not attach to the United States or to private corporations contracting with the federal government, such as CoreCivic. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001); *Smith v. United States,* 561 F .3d 1090 (10th Cir. 2009). Therefore, the United States and CoreCivic are not proper defendants to this action and are subject to being dismissed.

### E. Damages

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why her Complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which she (1) shows she has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3045-SAC) at the top of the first page of her Amended Complaint and she must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where she must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 21, 2018**, in which to show good cause, in writing, why her complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 21, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 20th day of April, 2018, at Topeka, Kansas.


s/  Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**