IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VALERIECE D. EALOM,

        **Plaintiff,**

v.                                                                                           CASE NO. 18-3045-SAC

UNITED STATES OF AMERICA, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). By order dated April 20, 2018, the Court directed Plaintiff to show cause why her complaint should not be dismissed for failure to state a claim upon which relief may be granted. The Court found that (1) Plaintiff failed to state an Eighth Amendment claim for denial of adequate medical care because she did not provide sufficient factual allegations to show missing one dose of a prescribed medication was sufficiently serious or caused an excessive risk to her health (*see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005)) and because a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for a violation of the prisoner's Eighth Amendment rights (*see Minneci v. Pollard,* 565 U.S. 118, 131 (2012)); (2) Plaintiff failed to state a claim for violation of her "religious rights" because she did not provide sufficient factual allegations to show Defendants substantially burdened her religious beliefs (*see Strope v. Cummings*, 381 F. App'x 878, 881 (10th Cir. 2010)); (3) Plaintiff failed to state a claim

under the First Amendment for retaliation because she did not provide sufficient factual allegations to show Defendants' actions would chill a person of ordinary firmness from continuing to exercise her religious rights (*see Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009)); (4) Plaintiff cannot make a *Bivens* claim for damages as a result of alleged First Amendment violations (*see Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Bush v. Lucas*, 462 U.S. 367, 390 (1983)); and (5) Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Before the Court is Plaintiff's response (Doc. 5) to the show cause order.

In her response, Plaintiff makes no arguments why her complaint should not be dismissed. Instead, she acknowledges she has not exhausted her administrative remedies and asks the Court to give her time to do so before dismissing her complaint.  However, under 42 U.S.C. § 1997e(a), a prisoner must exhaust her administrative remedies *prior to* filing a lawsuit in federal court regarding prison conditions.  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004).  The Court cannot stay the present action to allow her time to exhaust.

Plaintiff has not shown good cause why her complaint should not be dismissed.  Plaintiff fails to state a claim on which relief may be granted, and her complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 5th day of June, 2018, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**